IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL WAYNE JOHNSON, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION H-10-1238 |
| | § | |
| ADRIAN GARCIA, *et al.,* | § | |
| *Defendants.* | § | |

**MEMORANDUM AND ORDER**

Pending before the court are defendants' motions to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. Dkts. 13, 14. After a review of the complaint, defendants' motions, plaintiff's response, and the applicable law, the court is of the opinion that the motions should be GRANTED with respect to plaintiff's state law claims against defendants Sheriff Tommy Thomas and Harris County, but DENIED with respect to the Section 1983 claims against those parties.

**I. Background**

Plaintiff was a pre-trial detainee in Harris County on April 21, 2008. Dkt. 1 at 3. Plaintiff alleges that Defendant Garcia punched or slapped plaintiff's ear, causing significant injury. *Id.* On April 16, 2010, plaintiff brought suit pursuant to 42 U.S.C.A. § 1983, alleging that defendant Garcia's actions violated plaintiff's constitutional right against the use of excessive force protected by the 4th and 14th Amendments to the United States Constitution. *Id.* at 9. Plaintiff also sues the Sheriff of Harris County, the Harris County Sheriff's Department, and Harris County upon an allegation of supervisory liability. *Id.* at 2-3. Plaintiff also asserts state law tort claims against all defendants. *Id.* Defendants, other than Garcia, move to dismiss the complaint by filing a Rule 12(b)(6) motion. Dkt. 13, 14.

## II. Standard of review

In considering a 12(b)(6) motion, a court must accept the factual allegations contained in the complaint as true. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982). The court does not look beyond the face of the pleadings when determining whether the plaintiff has stated a claim under Rule 12(b)(6). *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). In order to survive a motion to dismiss, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Aschroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570, 127 S.Ct. 1955 (2007)). This plausibility standard requires the plaintiff to plead facts sufficient to allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Pleadings must be sufficient to nudge plaintiff's claims across the line from conceivable to plausible. *Twombly*, 550 U.S. at 570.

## III. Analysis

Defendants' arguments will be addressed *seriatim*.

### A. Claims Against Harris County Sheriff's Department

The parties agree that the claims asserted against the Harris County Sheriff's Department should be dismissed because it is not an entity subject to suit pursuant to Section 1983. *See Wakat v. Montgomery Cnty.* 471 F. Supp. 2d 759, 768 (S.D. Tex. 2007), *aff'd sub nom. Wakat v. Montgomery Cnty.*, 246 F. App'x. 265 (5th Cir. 2007). Accordingly, the court dismisses the claims against the Harris County Sheriff's Department pursuant to F.R.C.P. Rule 12(b)(6).

**B.     Claims Against Sheriff Thomas**

Plaintiff sues defendant Thomas in his individual capacity for a failure to supervise, train, and discipline defendant Garcia. In his motion to dismiss, Thomas asserts that (1) he is shielded from plaintiff's claims by qualified immunity; and that (2) plaintiff's allegations amount to an assertion of vicarious liability, which is not allowed in section 1983 litigation. See *Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002); *Thompson v. Steele*, 709 F.3d 381, 382 (5th Cir. 1983).

**1.     Qualified immunity**

Qualified immunity protects government employees from civil liability "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727 (1982). "[A] public official is entitled to qualified immunity unless a plaintiff demonstrates (1) a violation of a constitutional right and (2) that the right at issue was clearly established at the time of the violation." *DePree v. Saunders*, 588 F.3d 282, 287 (5th Cir. 2009). In considering whether the right at issue was clearly established at the time of the violation, the Court accepts "all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999).

Plaintiff alleges that Thomas was aware that his subordinates, including Garcia, previously abused prisoners. Dkt. 1, at 6. Plaintiff also alleges that although Thomas knew this, he did not properly train or discipline the guards and that this created "a *de facto* policy inside the jail to take punitive action against the inmates or detainees by the infliction of physical injury without just or lawful cause." *Id.*, at 7. The Court considers these allegations through the lens of whether "the official's conduct was objectively reasonable under clearly established law existing at the time of the

incident." *Bazan v. Hidalgo County*, 246 F.3d 481, 490 (5th Cir. 2001) (emphasis in original). Accepting plaintiff's factual allegations as true, this Court cannot conclude at this time that Thomas's actions were objectively reasonable, and thus he is not entitled to qualified immunity. Defendant's motion to dismiss is DENIED in this respect.

### 2. Vicarious liability.

Supervisory personnel may be held liable under Section 1983 for a subordinate's actions if there is an affirmative link between the subordinate's misconduct and supervisory inaction. *Southard v. Tex. Bd. of Criminal Justice*, 114 F.3d 539, 550 (5th Cir. 1997). A supervisor, although not personally involved in unconstitutional conduct, may be liable if: (1) he failed to train or supervise the officers involved in the unconstitutional act; (2) there is a causal connection between the alleged failure to supervise or train and the alleged violation of the plaintiff's rights; and (3) the failure to train or supervise constituted deliberate indifference to the plaintiff's constitutional rights. *Thompson v. Upshur County*, 245 F.3d 447, 459 (5th Cir. 2001).

A careful review of the pleadings shows that plaintiff has not alleged respondeat superior or vicarious liability against Thomas. Rather, plaintiff alleges that Thomas failed to properly supervise, train, and discipline Garcia, that Thomas had knowledge that Garcia and other subordinates previously abused other prisoners in custody, and that Thomas's failure to act upon this knowledge created "*de facto* policy" encouraging the type of assault that occurred in this case. Dkt. 1, at 6-10. Accepting plaintiff's allegations as true, Thomas' motion to dismiss is DENIED in this respect.

### 3.     State law tort claims.

The Texas Civil Practices and Remedies Code provides that if "a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit." Tex. Civ. Prac. & Rem. Code § 101.106(e). On August 11, 2010, Harris County filed a motion seeking dismissal of the claims against Sheriff Tommy Thomas. Dkt. 13, at 6-7. Accordingly, the state law tort claims against Sheriff Tommy Thomas are DISMISSED.

## C.     Claims Against Harris County

### 1.     Municipal liability under Section 1983

A municipality may not be held liable under § 1983 on a theory of respondeat superior, *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694, 98 S.Ct. 2018 (1978), but instead only for acts that are directly attributable to it "through some official action or imprimatur." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir.2001). To hold a municipality liable under § 1983 for the misconduct of an employee, a plaintiff must show, in addition to a constitutional violation, that an official policy promulgated by the municipality's policymaker was the moving force behind, or actual cause of, the constitutional injury. *Id.* The official policy itself must be unconstitutional or adopted "with deliberate indifference to the known or obvious fact that such constitutional violations would result." *Johnson v. Deep East Tex. Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 309 (5th Cir. 2004). A policy or custom is official only when it results from the decision or acquiescence of the municipal officer or body with 'final policymaking authority' over the subject matter of the offending policy. *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 737, 109 S.Ct. 2702 (1989). Texas

law provides that a sheriff is a county's "final policymaker" in the area of law enforcement. *Williams v. Kaufman Cnty.*, 352 F.3d 994, 1013 (5th Cir. 2003).

Here, since plaintiff has made out a facially plausible claim that Sheriff Thomas adopted a policy of permitting assaults on inmates, a facially plausible claim has also been made out against Harris County because Thomas is the final policymaker for the County with respect to his subordinate's actions. The motion to dismiss is DENIED in this respect.

### 2.   State Law Tort Claims Against Harris County

Plaintiffs allege that Harris County is liable for Garcia's actions under the Texas Tort Claims Act "TTCA". Dkt. 1, at 10. The TTCA waives the state's immunity from suit for actions arising from the negligence of its employees. Tex. Civ. Pra C. & Rem. Code § 101.021. However, the TTCA does not apply to claims "arising out of assault, battery, false imprisonment, or any other intentional tort." *Id.* at § 101.057(2). Plaintiff claims that his injuries were caused by Garcia's use of excessive force, which is an intentional tort. Dkt. 1, at 4, 9. Thus, Harris County cannot be held liable for Garcia's actions.

Plaintiff also alleges that Harris County is liable due to its "negligent hiring, training and supervision" of Garcia. Dkt. 1, at 10. If the facts pled in a complaint amount to an intentional tort committed by a government employee, the government will not be liable under the TTCA, regardless of whether or not the claims are also framed as negligence claims. *Texas Dept. of Public Safety v. Petta*, 44 S.W.3d 575, 580-81 (Tex. 2001); *Harris County v. Cabazos*, 177 S.W.3d 105, 111 (Tex.App.-Houston [1 Dist.] 2005, no pet.). "A plaintiff cannot circumvent the intentional tort exception by couching his claims in terms of negligence." *Cabazos*, 177 S.W.3d at 111. Further, a plaintiff cannot bypass the intentional tort exception simply by alleging that the government unit

was negligent in its supervision and training of the employee. *Id*. at 109. Since negligent supervision and training is all that is alleged in this case, the motion to dismiss is GRANTED in this respect.

## CONCLUSION

After reviewing the applicable law and the relevant pleadings, the motions to dismiss (Dkts. 13, 14) are GRANTED with respect to plaintiff's state law claims against defendants Thomas and Harris County, and are DENIED with respect to plaintiff's Section 1983 claims.

Signed at Houston, Texas on November 9, 2010.

_____
Gray H. Miller
United States District Judge