IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL WAYNE JOHNSON, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION H-10-1238 |
| | § | |
| ADRIAN GARCIA, *et al.,* | § | |
| | § | |
| *Defendants.* | § | |

**MEMORANDUM AND ORDER**

Pending before the court is plaintiff's motion for partial summary judgment as to liability with respect to defendant Adrian Garcia ("Garcia"). Dkt. 25. Garcia's response was due on or before April 14, 2011, but no response has been filed. Under the Local Rules of the Southern District of Texas, "[f]ailure to respond will be taken as a representation of no opposition." S.D. TEX. LOC. R. 7.4. After considering the motion and the applicable law, the motion is GRANTED.

**BACKGROUND**

Plaintiff was a pre-trial detainee in Harris County on April 21, 2008. Dkt. 1 at 3. Plaintiff alleges that Harris County Detention Officer Adrian Garcia ("Garcia") is alleged to have directed plaintiff to stand against the wall, and after plaintiff complied and posed no danger to Garcia, Garcia punched or slapped plaintiff's ear, causing significant injury. *Id*. On April 16, 2010, plaintiff brought suit pursuant to 42 U.S.C.A. § 1983, alleging that defendant Garcia's actions violated plaintiff's constitutional right against the use of excessive force protected by the 4th and 14th Amendments to the United States Constitution. *Id*. at 9. Plaintiff also sued the Sheriff of Harris County, the Harris County Sheriff's Department, and Harris County upon an allegation of supervisory liability. *Id*. at 2-3. Those parties have since been dismissed from the suit, leaving

Garcia as the sole remaining defendant. Dkt. 23. Plaintiff now seeks summary judgment with respect to Garcia's Section 1983 liability for the use of excessive force.

## LEGAL STANDARD

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56. Under Rule 56(c), the moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986); *see Stahl v. Novartis Pharms. Corp.*, 283 F.3d 254, 263 (5th Cir. 2002). The party moving for summary judgment must show the absence of a genuine issue of material fact but need not negate the elements of the nonmovant's case. *Exxon Corp. v. Oxxford Clothes, Inc.*, 109 F.3d 1070, 1074 (5th Cir. 1997).

## ANALYSIS

In order to establish a claim for excessive force under 42 U.S.C. § 1983 plaintiff is required to demonstrate an injury that resulted "directly" from a "clearly excessive" use of force where the excessiveness is also "clearly unreasonable." *Deville v. Marcantel*, 567 F.3d 156, 167 (5th Cir. 2009) cert. denied 130 S.Ct. 2343 (2010). In this respect, the determination that must be made is whether the force used was applied in "a good faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm." *Watts v. Smart*, 328 Fed. Appx. 291, 293 (5th Cir. 2009) (internal quotation marks omitted).

Plaintiff has presented evidence that Garcia was angry at him for having engaged in "horseplay" with another detainee, and Garcia ordered plaintiff and the other detainee into a "security

vestibule" to question them. Dkt. 25-3 at 1. Garcia gave a sworn statement during an investigation of the incident wherein he admitted that he first struck the other detainee, and then taunted plaintiff prior to striking him on the side of the head with an open hand. *Id.* at 2. This was done with sufficient force that plaintiff suffered a burst tympanic membrane, causing plaintiff pain, decreased hearing, and tinnitus. Dkt. 25-10. Garcia's employment was terminated both because of his unwarranted and excessive use of force, and because he provided false information during the ensuing investigation (he initially denied striking plaintiff or the other detainee). Dkt. 25-3. Garcia was later prosecuted for, and pled guilty to, assaulting plaintiff and causing injury. Dkt. 25-5.

As noted above, defendant Garcia has not responded to the motion for summary judgment. A court cannot grant a "default" summary judgment in this situation. *Eversley v. MBank of Dallas*, 843 F.2dd 172, 174 (5th Cir. 1988). However, where no response has been filed to a well-pleaded motion for summary judgment, a court may treat the statement of facts in the motion for summary judgment as undisputed. *Id.*; see also *Thompson v. Eason*, 258 F.Supp.2d 508, 515 (N.D. Tex. 2003) (where no opposition is filed, the nonmovant's unsworn pleadings are not competent summary judgment evidence and movant's evidence may be accepted as undisputed).

In this case, the evidence presented by plaintiff, and standing undisputed, affirmatively establishes each of the elements of an excessive force claim. First, plaintiff suffered an injury as a direct result of being slapped on the side of the head by Garcia. Second, Garcia's use of force was clearly excessive–he had no need to apply any force at all in a situation where the detainees in question had obeyed his command and were offering no provocation. Indeed, Garcia pled guilty to a criminal charge of assault arising out of the incident. Third, Garcia's use of force was clearly unreasonable because it was not justified by any circumstances related to his duties as a jail guard,

but instead occurred at a time when there was no need for the application of force. Finally, Garcia's own sworn statement during the investigation of his actions establishes that he struck plaintiff maliciously, and for the very purpose of causing harm. Garcia, who has not responded to the motion, has failed to establish a material dispute of fact concerning his liability under Section 1983 for an excessive use of force.

## CONCLUSION

After reviewing the applicable law and the relevant pleadings, the motion for partial summary judgment (Dkt. 25) is GRANTED with respect to liability only.

Signed at Houston, Texas on April 19, 2011.

_____
Gray H. Miller
United States District Judge